UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-178-RJC

| | |
|---|---|
| **In re:** ) </br> ) </br> **CADESHA S. HANSON,** ) </br> ) </br> Debtor. ) </br> _____ ) </br> ) </br> **CADESHA S. HANSON,** ) </br> ) </br> Appellant, ) </br> ) </br> v. ) </br> ) </br> **ANNA COTTEN WRIGHT, trustee,** ) </br> ) </br> Appellee. ) </br> ) </br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court upon appeal by Appellant Cadesha S. Hanson ("Appellant") from the Bankruptcy Court's order dismissing her bankruptcy case.

On April 15, 2015, Bankruptcy Judge J. Craig Whitley entered an order dismissing Appellant's bankruptcy petition with prejudice and barring her from filing any future bankruptcy cases for a period of five years. (Bankr. Case No. 15-30431, Doc. No. 21). On April 23, 2015, Appellant filed her Notice of Appeal of that order. (Doc. No. 1). When she filed her appeal, Appellant did not pay the required filing fee, and she filed an Application to Proceed in forma pauperis. Her Application to Proceed in forma pauperis was denied on April 24, 2015, and Appellant was given fourteen (14) days to pay the filing fee of $298.00. (Bankr. Case No. 15-30431, Doc. No. 27). Appellant failed to pay the required filing fee. (Doc. No. 2). Furthermore, Appellant failed to file the designation of the items to be included in the record on appeal and a

statement of the issues to be presented to this Court as required by Federal Rule of Bankruptcy Procedure 8009. (Id.). On January 11, 2015, this Court ordered that Appellant show cause why her appeal should not be dismissed for failure to pay the required filing and failure to file a designation of record, and Appellant was given seven (7) days to remedy those deficiencies or provide good cause for her failure to do so. (Doc. No. 3). Despite being given ample opportunity, Appellant has failed to respond or remedy the deficiencies in her appeal. The Court now considers whether Appellant's failure to comply with the Federal Rules of Bankruptcy Procedure and the Court's Order warrants dismissal of her appeal.

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, failure to pay the required filing fee or failure to file the required designation of record can warrant dismissal of an appeal. In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take at least one of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any

possible prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and available alternatives." Id. The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. See id. (upholding the district court's dismissal of the appeal because appellant negligently filed the designation of record fifteen days late).

In the present case, Appellant filed her Notice of Appeal on April 23, 2015. (Doc. No. 1). On May 12, 2015, the Bankruptcy Clerk notified this Court that Appellant had failed to pay her filing fee and failed to file the designation of the items to be included in the record on appeal as required by the Federal Rules of Bankruptcy Procedure. (Doc. No. 2). Over eight months later, this Court gave Appellant notice and an additional opportunity to perfect her appeal. (Doc. No. 3). Appellant has failed to respond, and the time for doing so has expired.

It has been nine months since Appellant filed her Notice of Appeal, and she has failed to pay her filing fee or file a designation of the items to be included in the record on appeal. This period of time greatly exceeds the fourteen days allotted for filing a designation. The Court has given Appellant notice and an opportunity to explain her delay, and Appellant has failed to respond. The Court finds that Appellant has not paid the filing fee and has not filed her designation of record and that this delay has had a prejudicial effect on the other parties. After considering the impact of the sanction and available alternatives, the Court finds that Appellant's appeal must be **dismissed**.

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from Bankruptcy Case

number 15-30431 shall be **DISMISSED**.  The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge